Mr. and Mrs. Theodore NORRIS, Sr., Plaintiffs-Appellants,

v.

BELL HELICOPTER–TEXTRON, INC., Defendant-Appellee.

No. 83–4078
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 15, 1983.

Wm. Henry Sanders, Jena, La., Garry L. Lewis, Columbia, Mo., for plaintiffs-appellants.

A.R. Christovich, J. Warren Gardner, Jr., New Orleans, La., for defendant-appellee.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

**PER CURIAM:**

On September 3, 1980, Theodore Norris, Jr. was killed in a helicopter crash near Cottonport, Louisiana. Sheila Norris, the surviving spouse, and Mr. and Mrs. Theodore Norris, Sr., the decedents' parents, filed a wrongful death action against Bell Helicopter-Textron, Inc. (Bell), the manufacturer of the helicopter, pursuant to the federal district court's diversity jurisdiction.[1] Plaintiffs alleged that the helicopter crash was caused by Bell's negligence in designing, manufacturing, and assembling the helicopter. Additionally, plaintiffs invoked the doctrine of *res ipsa loquitur* and also alleged that Bell had breached its implied warranty of fitness for a particular purpose.[2] Thereafter, Mr. and Mrs. Norris, Sr. voluntarily dismissed their wrongful death action against Bell, since they were not proper parties to bring a claim for wrongful death under Louisiana law.[3] Then, on August 26, 1982, Mr. and Mrs. Norris, Sr. instituted a second federal lawsuit against Bell for the property damage done to the crashed helicopter, which they owned. Like the original suit, the second action alleged that Bell had negligently designed, manufactured, and assembled the helicopter. Moreover, as in the first suit, the doctrine of *res ipsa loquitur* was invoked and it was alleged that Bell had breached a warranty of fitness for a partic-

1. The plaintiff's original complaint stated:

    COMPLAINT FOR DAMAGES

    The complaint of Sheila Norris, Individually, and for the use and benefit of Mr. Theodore Norris, Sr. and Ms. Theodore Norris, Sr. and as Administratrix of the Estate of the late Theodore Norris, Jr., whose address is Rt. 1 Box 602A, Cottonport, LA 71327 through her two (2) undersigned counsel, complain of the above named defendant, Textron, Inc. d/b/a Bell Helicopters, Inc., 100 W. Tenth Street, Wilmington, Delaware, respectfully represents. . . .

2. Mr. and Mrs. Norris, Sr. also joined in a state action against Bell based upon these same allegations.

3. Louisiana Civil Code Article 2315 provides, in pertinent part:

    The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) *the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving;* and (3) the surviving brothers and sisters of the deceased, or any of them, if he left *no spouse, child or parent surviving.* The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not.

    (emphasis added).

ular purpose. However, the district court granted Bell's motion to dismiss the second action under Federal Rule of Civil Procedure 12(b)(6), concluding that the claim was barred by the one year statute of limitations applicable to such claims under Louisiana law. Mr. and Mrs. Norris, Sr., appellants in this Court, challenge the district court's decision on the prescription issue. We reverse and remand.

Appellants' claim for property damage due to the crash of the helicopter was based upon the negligence of Bell in the design, manufacture, and assembly of the helicopter. Appellants also alleged that Bell breached its warranty of fitness for a particular purpose. Under Louisiana law, all of these claims are grounded on principles of tort law, *Lartigue v. R.J. Reynolds Tobacco, Co.*, 317 F.2d 19 (5th Cir.1963), *cert. denied,* 375 U.S. 865, 84 S.Ct. 137, 11 L.Ed.2d 92 (1963) and are governed by a one year prescriptive period under Louisiana Civil Code, art. 3536. Thus, since appellants claim was filed about two years after the date of the accident, the lawsuit was clearly barred by limitations unless the prescriptive period was tolled by the pendency of the claim originally filed by Sheila Norris and joined in by the appellants.

Louisiana Revised Civil Statute Annotated 9:5801 states that "[t]he filing of a suit in a court of competent jurisdiction shall interrupt all prescription affecting the cause of action therein sued upon. . . ." No one maintains that the original action was not filed in a court of competent jurisdiction. Hence, if the cause of action sued upon in the original action and the appellants' subsequent action are the same, the prescriptive period would have been tolled during the pendency of the original action and their claim would not be barred.

In determining whether the original suit tolled the running of the one year period of limitations this Court must remain cognizant of the purpose of the prescriptive statute under Louisiana law. Our distinguished colleague, Judge Tate, described the purpose of the Louisiana limitations statute in the following terms:

"The fundamental purpose of prescription statutes is only to afford a defendant security of mind and affairs if no claim is made timely, and to protect him from stale claims and from loss or non-preservation of relevant proof. They are designed to protect him against lack of notification of a formal claim within the prescriptive period, *not against pleading mistakes that his opponent makes in filing the formal claim within the period.*"

(emphasis added). Tate, Amendment of Pleading in Louisiana, 43 Tulane L.Rev. 211. Significantly, in the case *sub judice* the legal theories advanced in the original lawsuit and the second lawsuit are identical. Although the appellants' mistakenly concluded that their recovery would be based upon the Louisiana Wrongful Death Statute rather than pursuant to their capacity as owners of the helicopter, it is clear that the causes of action asserted against Bell in both suits are the same and arise out of the identical set of facts. Indeed, both actions alleged that Bell was liable for its negligence in designing, assembling and manufacturing the helicopter and that Bell breached a warranty for fitness for a particular purpose. Finally, both actions invoked the doctrine of *res ipsa loquitur.*

In short, the facts of the two cases are the same and the legal theories allegedly providing a right to recover are the same.[4] The only distinction between the two cases

---

4. A review of the two complaints reveals the similarity of the facts and causes of action asserted therein. Plaintiffs' Original Complaint for Damages states: "The defendant Textron, Inc. d/b/a Bell Helicopters, designed, manufactured, and assembled the helicopter which crashed, the crash being caused by the negligence of the defendants which defendant warranted this product to be fit for its intended use, which warranty was breached by defend-

ant." Similarly, appellants complaint in the second federal suit states: "The defendant designed, manufactured, and assembled the helicopter which crashed, the crash being caused by the negligence of the defendant, which defendant warranted the product to be fit for its intended use, which warranty was breached by the defendant." Finally, we note once again that both actions invoked the doctrine of *res ipsa loquitur.*

is the authority relied upon by the appellants in pursuing their claims. Undoubtedly, Bell was placed on adequate notice in the original petition that the appellants claimed a right to recover under theories of negligence and breach of warranty. Admittedly, their original petition stated their claim for damages pursuant to the Louisiana Wrongful Death Statute in unspecified terms, whereas the second action sought recovery for the property damage done to the helicopter pursuant to the appellants' right to recover as owners of the helicopter. Nevertheless, both suits were based upon identical causes of action and arose out of the same facts. That the appellants sued pursuant to improper authority and failed to specify the exact type of damages sought (*i.e.,* personal injury damages versus property damages) does not militate in favor of a harsh application of the statute of limitations. Finally, we note that we find support for our decision, as we must, in Louisiana law. *See Hayes v. Muller,* 243 So.2d 830 (La.App.—3rd Cir.1971). Accordingly, the judgment of the district court is reversed and the case is remanded for further proceedings consistent with this opinion.

REVERSED.