Robert L. FORD

v.

Jesse N. STONE, et al.

Civ. A. No. 83–1230–A.

United States District Court,
M.D. Louisiana,
Division A.

Dec. 6, 1984.

---

Milton J. Osborne, Jr., Baton Rouge, La., for plaintiff.

Winston J. DeCuir, Dept. of Justice, Baton Rouge, La., for defendants.

JOHN V. PARKER, Chief Judge.

This matter is before the court on defendants' motion for summary judgment. Plaintiff has filed an opposition. No oral argument is necessary.

This is a civil rights action in which plaintiff, a former faculty member at Southern University in Baton Rouge, alleges that he was discharged from his public employment in a manner which deprived him of vested property rights, equal protection of the law, and due process of law under the United States Constitution. He also claims that his firing was related to public statements made during the course of his duties as president of the Faculty Senate of Southern University, and that he has therefore suffered infringement of his First Amendment rights. Defendants are Jesse N. Stone, Jr., President of Southern University (sued individually and in his official capacity), Southern University and Agricultural and Mechanical College, and the Board of Supervisors of Southern University. Plaintiff also alleges, without specification, violation of the laws of the state of Louisiana. Subject matter jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, and the proceeding is brought under 42 U.S.C. § 1981 et seq. Plaintiff seeks reinstatement to his former position, tenure status, back pay and other emoluments of his former position, $350,000.00 in compensatory damages, $350,000.00 in punitive damages, and reasonable attorney fees, together with interest.

Defendants raise several issues in the motion for summary judgment. They contend that this suit, first filed more than two years after the allegedly unconstitutional behavior occurred, is untimely and therefore must be dismissed. They raise the defense of sovereign immunity under the Eleventh Amendment to the Constitution with respect to the University, the Board of Supervisors, and the individual defendants in their official capacities as public officials. Defendants also argue that the affirmative defense of qualified immunity shields them from liability. The first of these defenses, that of prescription, is meritorious. We need not consider the remaining issues raised by defendants.

Federal law governs the question of accrual of federal causes of action. When a plaintiff knows or has reason to know of the injury which is the basis of the action, the cause of action is deemed to have accrued. *Lavellee v. Listi,* 611 F.2d 1129, 1130 (5th Cir.1980). The latest possible accrual date applicable to this case is

May 1981, for plaintiff was then terminated from his employment at Southern University. Plaintiff filed suit in this court in November 1983, more than two years after his termination.

■ The law of the state in which a federal district court sits governs questions concerning the length and tolling characteristics of limitation statutes in the absence of an applicable federal statute of limitations. There is no general federal tolling principle. *Auto Workers v. City of Hoosier*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). Because no federal statute of limitations relating to civil rights actions applies to suits under 42 U.S.C. § 1981 et seq., federal courts must apply the most appropriate period supplied by the law of state in which the federal court sits. *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). Tolling or interruption of an applicable state statute of limitation also is a question of state law. *Tomanio, supra; Ammlung v. City of Chester*, 494 F.2d 811 (3d Cir. 1974).

■ Louisiana Civil Code art. 3492 provides a prescriptive period of one year for delictual actions brought under La.Civ. Code art. 2315, the general tort article. This is the most analogous type of cause of action to a suit under 42 U.S.C. § 1983. *Jones v. Orleans Parish School Board*, 688 F.2d 342 (5th Cir.1982). Therefore, it is clear that the plaintiff had one year from the accrual of his federal cause of action in which to file this action, absent interruption or tolling of the prescriptive period. His cause of action accrued, at the very latest, in May of 1981. Absent interruption

of prescription, his federal cause of action prescribed in May of 1982.

Louisiana law provides that under certain circumstances, prior filing or pendency or a similar suit in a court of competent jurisdiction and venue interrupts prescription of the cause of action. This rule, pursuant to La.Civ.Code art. 3462, is read within the proviso of La.Civ.Code art. 3463. Under art. 3463, if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the prior claims, interruption of prescription is considered "never to have occurred." Plaintiff now seeks refuge under art. 3462, claiming that his prior filing of an action in state court, based upon the same core facts as the present action, interrupted prescription as against his federal cause of action. However, as will be explained, prescription cannot be interrupted by a mere announcement of one's intent to file suit on claims at a future time. Plaintiff's claim of interruption amounts to nothing more than reliance upon just such an informal announcement.

■ Federal jurisdiction of § 1983 claims is concurrent with that of the state courts, rather than exclusively federal. State courts may hear and decide claims raised under the civil rights statutes. *Martinez v. California*, 444 U.S. 277, 100 S.Ct. 553, 558 n. 7, 62 L.Ed.2d 481. In the present case, plaintiff contends that his filing of a lawsuit in state court arising out of the same basic facts as this suit interrupted prescription. The state court suit was filed in March of 1981. Although assertion of federal claims in the state action would clearly have constituted an interruption of prescription, neither the original nor the amended state court petitions allege any federal cause of action.[1] No reference

---

1. Paragraph III of plaintiff's original state court petition alleges: "This action is being brought, and this Honorable Court has jurisdiction to hear this matter and grant the relief sought under the provisions of the Louisiana Code of Civil Procedure, Article 1871–1933, L.S.A.R.S. 49:963 of the Administrative Procedure Act and Article 3601 et seq. of the Louisiana Code of Civil Procedure."

Plaintiff's original state court petition further alleges: Paragraph XIX. "Petitioner shows that

the Southern University Grievance Committee procedures are invalid due to their not having been properly promulgated in accordance with the requirements of the Louisiana Administrative Procedure Statute." Paragraph XX. "The Southern University Administrative Officials have attempted to apply its invalid grievance upon Petitioner in violation of Petitioner's Constitutional Rights and Due Process." Paragraph XX. "As a direct result of defendant's action and inaction, Petitioner is being deprived of a

was made in either petition to federal statutory or constitutional rights. The wrong specifically complained about is deprivation of a vested property right without due process. The Louisiana Constitution, Article 1, § 2, protects the citizens of Louisiana against deprivations of property without due process; allegations of such a deprivation, therefore are not indicia of the assertion of a federal cause of action.

Plaintiff clearly ruled out consideration of any federal claims by the state court in the following colloquy which occurred early in the state court proceeding:

> MR. OSBORNE: Your honor, at this time we would like to, for the record before we commence with this particular action, is to make reservation of our Federal claims in this particular Court. What we intend to do is proceed with the plaintiff's Federal claims in Federal Court, and we just want to make notice of that for the record. More specifically, the plaintiff intends to file a Federal action under 28 U.S.C. Section 1331 and 1343, particularly 14[42] U.S.C. Section 1983. Plaintiff will in fact allege in that particular action or seek redress of his First Fifth and Fourteenth Amendment rights to the U.S. Constitution, and he will be filing, as I indicated, under 42 U.S.C. Section 1981 and subsequent—particularly 42 U.S.C. Section 1983, and I would like for the record to—for that to be known.
>
> THE COURT: Yes, sir.
>
> MR. OSBORNE: So what we'll deal with today in terms of the plaintiff action is two State Court issues that we'll deal with today, has to do with State law.

This court holds that neither plaintiff's petition nor his state court presentation raised federal claims in a manner sufficient to interrupt prescription.

Some two years after the state suit was filed, plaintiff filed this action in federal court. His federal action differs from the previous state action in that Lionel Johnson, Sr., Chairman of the Southern University Board of Supervisors, named as a de-

fendant in the state suit, is not named in the federal suit and the federal complaint specifically asserts federal claims. Plaintiff also attempts to bring unspecified state law claims under the doctrine of pendent jurisdiction. It is to be noted that plaintiff could have asserted all of his claims in this court, invoking pendent jurisdiction for subject matter jurisdiction over those based in state law. He chose instead to file suit in state court upon state law claims only, and to rely upon a "reservation" of federal claims made orally in the state court trial.

■ These facts show that defendants received no formal notice of plaintiff's federal claims until well after passage of the one-year prescriptive period. To permit plaintiff to now assert those claims would subvert the purpose of limitations statutes:

> The fundamental purpose of prescription statutes is only to afford a defendant security of mind and affairs if no claim is made timely and to protect him from state claims and from loss or nonpreservation of relevant proof. They are designed to protect him against lack or notification of a *formal claim within the prescriptive period...*
>
> *Norris v. Bell Helicopter-Textron, Inc.,* 712 F.2d 171, 173 (5th Cir.1983), *citing* Tate, Amendment of Pleadings in Louisiana, 43 Tulane L.Rev. 211 (1969). (emphasis added)

Plaintiff had the opportunity to assert all his claims in one action brought in either state or federal court. He also could have asserted state claims in state court and federal claims in federal court. He chose neither course. He asserted only state claims in state court (by his "reservation" making it plain that no federal claims were there pursued) and failed to timely make formal demand in federal court. While plaintiffs are given the choice of jurisdiction they must timely choose and file. Accordingly, defendants' motion for summary judgment is hereby GRANTED, and this action will be dismissed.

vested property right without due process of law."