UNITED STATES of America, Appellee,

v.

Manuel Gerome
CONTRERAS, Appellant.

No. 90–5369.

United States Court of. Appeals,
Eighth Circuit.

Submitted Dec. 12, 1990.
Decided March 12, 1991.

Earl P. Gray, St. Paul, Minn., for appellant.

Elizabeth De La Vega, Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, HEANEY and FRIEDMAN *, Senior Circuit Judges.

* The Honorable Daniel M. Friedman, United States Senior Circuit Judge for the Federal Circuit, sitting by designation.

HEANEY, Senior Circuit Judge.

█ Manuel Gerome Contreras pleaded guilty to two counts of possession of cocaine with intent to distribute and one count of conspiracy to defraud the Internal Revenue Service. The district court sentenced him to 109 months of imprisonment. On appeal, Contreras argues that the district court erred by failing to reduce his offense level for his acceptance of responsibility and by enhancing his offense level for being an organizer and leader in the criminal activity.[1] We affirm the district court's application of the sentencing guidelines.

█ During the sentencing hearing, the district court concluded that Contreras had not accepted responsibility because of his resolute lack of candor regarding both the volume of drugs involved and the extent of his participation in the drug distribution scheme. Our review of the record indicates that Contreras steadfastly refused to admit his extensive involvement in the drug distribution scheme, despite evidence and testimony to the contrary. Thus, a proper foundation supported the district court's refusal to find that Contreras accepted responsibility for his conduct. The steadfast refusal of Contreras to admit the extent of his involvement in the drug distribution scheme beyond the cocaine seized results in the unusual case in which the trial court does not find acceptance of responsibility even though a plea has been entered.[2]

█ A sentencing court's determination concerning a defendant's role in the offense is a factual finding which is reviewed under the clearly erroneous standard. *United States v. Collar*, 904 F.2d 441, 442 (8th Cir.1990). The evidence supports the trial court's determination that Contreras was an organizer and leader of the criminal activity.

Contreras supplied cocaine to numerous individuals for resale. He used several bank accounts of a friend to conceal the proceeds from his cocaine trafficking. Contreras instructed his drug customers to use his friend's name when paying for cocaine by check so that the checks could be deposited in the friend's account. Contreras also made major purchases in the friend's name, buying a cabin, two boats, and a bar. Contreras persuaded a different friend to convert large amounts of cash into larger bills for him. He further instructed this friend to purchase cashier's checks for him. Similarly, on at least two occasions, Contreras requested a third friend to accompany him to a bank, where he used this friend's identification to purchase additional cashier's checks. Finally, Contreras enlisted the services of one of these friends to chauffeur him to drug deals. This evidence convinces us that the district court did not clearly err in deciding to increase Contreras' base offense level for his role in the criminal activity.

For the discussed reasons, we affirm the judgment of the district court.

---

1. In calculating Contreras' base offense level, the court relied on a total quantity of 2,144.5 grams of cocaine, despite the defendant's claims that he should be held accountable only for the 475 grams seized at the time of his arrest. Contreras' plea agreement stipulated that he could be found to have distributed up to 5,000 grams of cocaine. The plea agreement therefore conformed with our decision in *United States v. Rivers*, 917 F.2d 369 (8th Cir.1990). *Rivers* held that in the guilty plea hearing, it is "incumbent on the government to make known any basis upon which it will urge the base offense level under the guidelines to be increased for reasons not otherwise disclosed in the indictment." *Id.* at 374.

2. In a study of four districts within the Eighth Circuit, including the circuit's three largest districts in terms of volume of criminal cases, seventy-seven percent of the defendants who pleaded guilty in 1989 were credited with acceptance of responsibility. For a report of a similar statistic, *see United States v. Knight*, 905 F.2d 189, 194–95 (8th Cir.1990).