986 F.2d 503
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Howard EAGLEMAN, Appellant.
 No. 92-2882.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 16, 1993.
Filed: February 22, 1993.
 
 Before BOWMAN, WOLLMAN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Howard Eagleman appeals the ninety-seven-month sentence imposed by the District Court[1] following his guilty pleas to abusive sexual contact and sexual abuse, in violation of 18 U.S.C. §§ 1153, 2242(2)(B), 2244(a) (1988). We affirm.
 
 
 2
 A grand jury returned a five-count indictment against Eagleman, charging him with committing various sexual offenses against two victims. Pursuant to a plea agreement, Eagleman pleaded guilty to: Count I, knowingly causing a child under the age of twelve to engage in sexual contact; and Count V, knowingly causing a girl, who was physically incapable of declining participation, to engage in a sexual act. At the plea hearing, Eagleman admitted that he engaged in the conduct charged in Counts I and V. The District Court accepted Eagleman's pleas and ordered a presentence report (PSR).
 
 
 3
 The PSR recommended denying Eagleman a reduction for acceptance of responsibility under sentencing guidelines section 3E1.1(a), United States Sentencing Commission, Guidelines Manual, § 3E1.1(a) (Nov. 1991) [hereinafter U.S.S.G.], because Eagleman refused to admit the full extent of his conduct to the probation officer. The PSR also recommended a two-level increase under guidelines section 2A3.1(b)(3) (custody, care, or supervisory control) in connection with Count V, because Eagleman had lived with the victim and her mother for twelve years. Eagleman objected, arguing that he was entitled to the reduction because he had pleaded guilty, had admitted to the facts of the two offenses at the plea hearing, and had sent letters of apology to both victims. He also asserted that he had never had supervisory control over the victim in Count V. The probation officer refused to change his recommendation.
 
 
 4
 Following a sentencing hearing at which Eagleman was the only witness, the District Court overruled Eagleman's objections. The Court based its decision on its disbelief of Eagleman's testimony regarding his relationship with the victim in Count V and on its perception of Eagleman's demeanor at the hearing.
 
 
 5
 On appeal, Eagleman contends that the District Court clearly erred in denying the reduction. He argues that a remand is necessary because it is impossible to determine from the court's statements why it denied the reduction. Alternatively, Eagleman maintains that the District Court should not have considered his testimony concerning his challenge to the increase to his offense level to determine whether he had accepted responsibility. Finally, he asserts that his conduct at the sentencing hearing did not outweigh his affirmative acceptance of responsibility as evidenced by his guilty pleas and letters to the victims.
 
 
 6
 We "will not disturb a district court's decision to deny or grant a credit for acceptance of responsibility unless that decision is clearly erroneous-as with other findings of fact, the district court is in a unique position to evaluate a defendant's acceptance of responsibility." United States v. Furlow, 980 F.2d 476, 476 (8th Cir. 1992) (en banc). Because of the District Court's unique position and because the issue depends largely on credibility assessments, we give the District Court's decision great deference. United States v. Lublin, 981 F.2d 367, 370 (8th Cir. 1992).
 
 
 7
 A reduction under section 3E1.1 is appropriate "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. § 3E1.1(a). The commentary explains that "[e]ntry of a plea of guilty ... combined with truthful admission of involvement in the offense and related conduct will constitute significant evidence of acceptance of responsibility.... However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." Id. comment. (n.3).
 
 
 8
 We do not believe a remand for clarification is necessary. The District Court's statements at sentencing indicate that it denied the reduction because it disbelieved Eagleman's testimony regarding his relationship with the victim in Count V and because it was skeptical of Eagleman's testimony that he wrote letters of apology to his victims on his own. Cf. United States v. Contreras, 927 F.2d 1058, 1059 (8th Cir.), cert. denied, 112 S. Ct. 349 (1991); United States v. Keene, 915 F.2d 1164, 1170 (8th Cir. 1990), cert. denied, 111 S. Ct. 1001 (1991). Moreover, the timing of Eagleman's letters of apology-after receipt of the PSR and before sentencing-calls into question the sincerity of his expressions of remorse. See United States v. Figueroa, 900 F.2d 1211, 1219 (8th Cir.), cert. denied, 496 U.S. 942 (1990); United States v. Evidente, 894 F.2d 1000, 1003 (8th Cir.), cert. denied, 495 U.S. 922 (1990). Though the record contains evidence to support Eagleman's contention that he accepted responsibility, it also contains evidence to the contrary. Therefore, the District Court's decision was not clearly erroneous.
 
 
 9
 Accordingly, we affirm the judgment of the District Court.
 
 
 10
 A true copy.
 
 Attest:
 
 11
 CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.
 
 
 
 [1]
 The Honorable Richard H. Battey, United States District Judge for the District of South Dakota