# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-3155WM

———————

United States of America,

        Appellee,

v.

Daniel Wayne Anderson,

        Appellant.

     \*
     \*  On Appeal from the United
     \*  States District Court
     \*  for the Western District
     \*  of Missouri.
     \*
     \*  [Not To Be Published]
     \*
     \*

———————

Submitted: July 5, 2000

Filed: July 12, 2000

———————

Before RICHARD S. ARNOLD, BEAM, and LOKEN, Circuit Judges.

———————

PER CURIAM.

Daniel Wayne Anderson pleaded guilty to attempting to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). At sentencing, the District Court[1] departed downward for defendant's substantial assistance, imposing concurrent prison terms of nine years (108 months) and

———————

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

a total of five years supervised release. On appeal, counsel moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), filing a brief in which he raises issues concerning the downward departure and the District Court's denial of an acceptance-of-responsibility reduction. Defendant has filed a pro se supplemental brief. For the following reasons, we affirm.

Counsel's arguments concerning the departure raise challenges to the extent of the departure, and the method the Court used in departing. These are unreviewable matters. See United States v. Dutcher, 8 F.3d 11, 12 (8th Cir. 1993). As to the denial of the acceptance-of-responsibility reduction, we note that the departure sentence is below the Guidelines range that would have applied if defendant had received the reduction. See United States v. Wyatt, 26 F.3d 863, 864 (8th Cir. 1994) (per curiam) (concluding challenged Guidelines computations were unreviewable where sentence imposed was lower than Guidelines sentencing range that would have been applicable if appellant had prevailed). But in any event, we conclude the District Court did not clearly err in denying an acceptance-of-responsibility reduction. After listening to defendant's sentencing testimony, the Court concluded that he had been resistant to fully acknowledging his offense conduct and had given a series of false statements. See United States v. Yell, 18 F.3d 581, 583 (8th Cir. 1994) (standard of review; whether defendant has accepted responsibility is factual question which depends largely on credibility assessments by sentencing court); United States v. Contreras, 927 F.2d 1058, 1059 (8th Cir.) (affirming denial of acceptance-of-responsibility reduction where defendant refused to admit extensive involvement in drug distribution scheme despite contrary evidence), cert. denied, 502 U.S. 929 (1991).

In his pro se brief, defendant objects to the District Court's drug-quantity finding. This argument, however, is precluded by his drug-quantity stipulation. See United States v. Dailey, 918 F.2d 747, 748 (8th Cir. 1990) (district court may rely on stipulations between government and defendant in determining facts relevant to sentencing). The remainder of defendant's pro se brief raises ineffective-assistance

claims that are not suitable for direct appeal and should be brought in a collateral proceeding under 28 U.S.C. § 2255. See <u>United States v. Hawkins</u>, 78 F.3d 348, 351 (8th Cir.) (ineffective-assistance-of-counsel claim is ordinarily first raised in collateral proceeding because facts outside record generally need to be developed to resolve claim), <u>cert. denied</u>, 519 U.S. 844 (1996).

In accordance with <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we have reviewed the record for any nonfrivolous issues and have found none. Accordingly, we affirm the judgment of the District Court. We now grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.