**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5009**

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

　　　v.

JOSE MEJIA,

　　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, District Judge. (8:07-cr-00328-RWT-1)

Argued: March 24, 2009　　　　　　　Decided: May 6, 2009

Before NIEMEYER and SHEDD, Circuit Judges, and Thomas D. SCHROEDER, United States District Judge for the Middle District of North Carolina, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Ebise Bayisa, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Hollis Raphael Weisman, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee. **ON BRIEF:** James Wyda, Federal Public Defender, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On May 19, 2007, Jose Mejia was sentenced to probation for driving on National Park Service property without a license and under the influence of alcohol. Following a hearing, the magistrate judge ordered that as a condition of probation Mejia pay, among other things, $4,250 in restitution for the value of the vehicle with which he had collided, pursuant to 18 U.S.C. § 3563(b)(2) (2006). Mejia appealed the order to the district court, which affirmed the restitution award. Mejia now appeals the district court's order, contending that the owner's testimony as to the condition and value of her vehicle was an insufficient basis upon which to rest the award. For the following reasons, we affirm.

Although the parties argue that the appropriate standard of review is abuse of discretion, we review the sufficiency of the evidence for clear error because it is a fact-intensive issue. <u>United States v. Henoud</u>, 81 F.3d 484, 490 (4th Cir. 1996).

A court determines a restitution award using the calculation methodology set forth in 18 U.S.C. §§ 3663 or 3663A.<sup>*</sup>

---

<sup>*</sup> The Government asserts that the restitution amount was determined pursuant to 18 U.S.C. § 3563 rather than 18 U.S.C. §§ 3663 or 3663A. Section 3563(b)(2) nevertheless follows 18 U.S.C. § 3556, which in turn applies the calculation methodology of sections 3663(b)(1)(B) and 3663A(b)(1)(B). 18 U.S.C. §§
(Continued)

2

Where a court finds that returning the property to the owner "is impossible, impractical, or inadequate," the restitution amount is "the value of the property on the date of the damage, loss, or destruction, . . . less the value . . . of any part of the property that is returned." 18 U.S.C. §§ 3663(b)(1)(B), 3663A(b)(1)(B). The Government bears the burden of proving the restitution amount by a preponderance of the evidence. Id. § 3664(e). Mejia agrees that an owner may testify to the value of her own property, see Christopher Phelps & Assocs., LLC v. Galloway, 492 F.3d 532, 542 (4th Cir. 2007) (owner testifying to the value of house); Adams v. Erickson, 394 F.2d 171, 173 (10th Cir. 1968) (owner testifying to the value of car), but he contends that the Government failed to carry its burden because the owner's testimony lacked foundation and relied solely on unreliable hearsay.

The burden of proof in a restitution determination is applied "in a practical, common-sense way." United States v. Savoie, 985 F.2d 612, 617 (1st Cir. 1993). "So long as the basis for reasonable approximation is at hand, difficulties in achieving exact measurements will not preclude a trial court from ordering restitution." Id. Hearsay testimony may also be

3563(b)(2), 3556. Thus, the methodology is the same regardless of the statutory authority for the restitution award.

considered as long as it bears "sufficient indicia of reliability," United States v. Newman, 144 F.3d 531, 542 (7th Cir. 1998) (internal quotation marks omitted), and the defendant "is given an opportunity to refute the evidence." United States v. Hairston, 888 F.2d 1349, 1353 (11th Cir. 1989). The evidence must provide a factual basis for the restitution amount, United States v. Mullins, 971 F.2d 1138, 1147 (4th Cir. 1992), and may not rely on "hypothesis, conjecture, or speculation alone." United States v. Ameri, 412 F.3d 893, 900 (8th Cir. 2005) (internal quotation marks omitted).

The record contains a sufficient factual basis for the pre-collision value in the form of the owner's testimony about the Blue Book value of her 1994 Jeep Grand Cherokee Limited Edition based on her research on the Internet. Adams, 394 F.2d 173. The owner also provided corroborative testimony as to the vehicle's purchase price, United States v. Rivers, 917 F.2d 369, 372-73 (8th Cir. 1990), its mileage, its routine maintenance, Adams, 394 F.2d at 173, and its condition. Despite Mejia's contention, the owner needed no expertise or further foundation to testify about the value of her vehicle. United States v. McGinnis, 783 F.2d 755, 757 (8th Cir. 1986).

The record also contains a sufficient foundation for the post-collision value of the owner's vehicle. For example, the owner testified that a mechanic (named "Dennis") who

4

inspected her vehicle after the accident indicated that it had a bent A-frame and was damaged beyond repair. The owner further testified that an employee of the company that towed the vehicle from the accident scene also indicated it was a total loss. This hearsay testimony was corroborated by the owner's testimony that the vehicle could not be driven from the accident scene and that the tire on the right front side of the vehicle "was pushed all the way to the passenger side." In addition, the owner testified about the seriousness of the accident, the deployment of the vehicle's airbags, her extensive injuries, and the fact that she and a passenger were taken to the hospital by ambulance. The owner's hearsay testimony thus bore sufficient indicia of reliability. Newman, 144 F.3d at 542. Moreover, Mejia was permitted to, and did, present evidence as to the extent of the damage to the owner's vehicle, which the magistrate judge considered.

For the reasons set forth above, we conclude that the district court did not commit clear error in determining the sufficiency of the evidence underlying the restitution award.

AFFIRMED