**UNITED STATES of America, Appellee,**

v.

**Roland FAHNBULLEH, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Pedro Lnu (Alias) Hugo COLLAZOS, Appellant.**

**Nos. 84–1572, 84–1538.**

United States Court of Appeals, Eighth Circuit.

Submitted July 25, 1984.

Decided Nov. 14, 1984.

Gregory Bryant, William McArthur and Mike Hulen, Little Rock, Ark., for appellants.

D. Brent Bumpers, Little Rock, Ark., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

HEANEY, Circuit Judge.

Roland Fahnbulleh and Hugo Collazos appeal from their conviction for conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841 and 846 (1982). For reversal, Fahnbulleh and Collazos argue the district court[1] erred in (1) allowing out-of-court statements into evidence; (2) denying a motion to acquit for insufficient proof of conspiracy; (3) denying a motion to dismiss for lack of jurisdiction or venue; (4) denying a motion to suppress evidence obtained during a search of their coconspirators; (5) denying a motion for mistrial; and (6) denying a motion for new trial. We affirm.

On December 8, 1982, an Arkansas State Trooper received information from a confidential informant that a car bearing a certain license number and carrying a large amount of illegal drugs would be at the Mid-Continent Truck Stop in West Memphis, Arkansas. The trooper drove to the truck stop where he identified the car in question. After following it, he pulled it over and asked the driver, Thomas Harold Payne, Jr., for identification and proof of ownership. Payne indicated the car was owned by a friend, Russell Wayne Craig, but could not produce proof of ownership. The trooper examined the console area of the car and noticed two pistols. He then waived over a passing car driven by Craig, arrested Payne and Craig, and searched the trunk of the first car. He found two bags of a white substance later determined to be over nine ounces of cocaine.

Payne and Craig were brought to the Crittenden County, Arkansas Sheriff's office where they were questioned about where they obtained the cocaine. Payne and Craig indicated that the cocaine was brought up earlier that week from Florida by Hugo Collazos, a/k/a "Pedro", and Roland Fahnbulleh, who were still at a motel in Memphis, Tennessee. Fahnbulleh and Collazos had "fronted" the cocaine to Payne and Craig and were to receive payment after the sale. Drug Enforcement Agency (DEA) Agents investigated Collazos and Fahnbulleh, and the two were later tried and convicted for violating 21 U.S.C. §§ 841 and 846 (1982). This appeal followed.

---

1. The Honorable Elsijane T. Roy, United States District Court for the Eastern District of Arkansas.

Fahnbulleh and Collazos first argue that the trial court erroneously admitted into evidence certain out-of-court statements made by coconspirators Payne and Craig. In *United States v. Resnick*, 745 F.2d 1179 (8th Cir.1984), we reiterated the standards set forth in *United States v. Bell*, 573 F.2d 1040 (8th Cir.1978), governing the admissibility of hearsay statements against a coconspirator:

An out-of-court declaration of a coconspirator is admissible against a defendant if (1) a conspiracy existed; (2) the defendant and the declarant were members of the conspiracy; and (3) the declaration was made during the course and in furtherance of the conspiracy. Where the defendant asserts that no conspiracy existed at the time the challenged statements were made, the government must show by a "preponderance of independent evidence" that a conspiracy existed. This standard provides that a coconspirator's statements are admissible "if on the independent evidence the district court is satisfied that it is more likely than not that the statement was made during the course ... of an illegal association to which the declarant and the defendant were parties." While the evidence must be independent, *i.e.*, exclusive of the challenged statements, it may be circumstantial[.] The district court's determination will not be reversed unless clearly erroneous.

*Resnick*, at 1183 (quoting *United States v. Singer*, 732 F.2d 631, 635–36 (8th Cir. 1984)).

In *Bell*, 573 F.2d at 1044, we also set forth a number of procedural steps to insure compliance with the above standard when the admissibility of a coconspirator's statement is at issue.

■ Fahnbulleh contends that the district judge failed to follow the *Bell* procedures with adequate specificity. We disagree. The district judge twice repeated the standard cautionary jury instruction from *Bell* and, when all the evidence was in, made the specific finding that independent evidence showed that the out-of-court statements of Payne and Craig were made during the course of and in furtherance of a conspiracy which included Collazos and Fahnbulleh. Fahnbulleh and Collazos contend that this determination was clearly erroneous. We disagree. At trial, Craig and Payne testified in detail about the existence of the conspiracy to distribute cocaine. In addition, the government introduced other independent circumstantial evidence supporting the existence of the conspiracy, such as telephone records for the time period of the conspiracy showing over seventy long distance calls from Payne in Benton, Illinois and Fahnbulleh in Miami, Florida.

■ Fahnbulleh and Collazos next argue that the district court erred in denying their motions for acquittal. We view the evidence in the light most favorable to the verdict, and accept as established all reasonable inferences from the evidence that tend to support the jury's verdict. *Resnick*, at 1185. At trial, Payne testified that Fahnbulleh had "fronted" large supplies of cocaine to him in the past, and that Fahnbulleh obtained the cocaine from "Pedro"— later identified as Collazos. Payne also testified that he had spoken on the phone to Fahnbulleh and "Pedro" in arranging the Memphis transaction. Payne and Craig testified that Collazos and Fahnbulleh supplied the cocaine seized in West Memphis. The government introduced airline and hotel records which supported this testimony. Payne also testified that he, Collazos and Fahnbulleh, had planned future cocaine sales. The government also introduced telephone records which supported Payne's testimony. In their defense, Collazos and Fahnbulleh argued that the testimony of Payne and Craig was inconsistent and not in accord with prior statements given to investigative officers. Fahnbulleh testified that he never sold cocaine to Payne or Craig. He admitted, however, that he and Collazos flew from Florida to Memphis two days before the arrest of Payne and Craig and visited with Payne and Craig on the day of their arrest. In summary, our review of the record reveals that the jury

could reasonably have found guilt beyond a reasonable doubt.

██ Third, appellants argue that a lack of venue and jurisdiction bars their prosecution in Arkansas because they were never in Arkansas, and they never intended to distribute cocaine in Arkansas. In *United States v. Diaz,* 685 F.2d 252, 255 (8th Cir. 1982), we held that "a conspiracy prosecution may be brought in any district in which any act in furtherance of the conspiracy was committed by any of the conspirators even though some of them were never physically present there." *See also* 18 U.S.C. § 3237(a) (1982). In this case, appellants' coconspirators, Payne and Craig, were arrested in Arkansas while on their way to sell cocaine in Arkansas. If they had been successful, the proceeds from the sale would have been returned to Collazos and Fahnbulleh. Therefore, because an overt act in furtherance of the conspiracy was committed in Arkansas, jurisdiction and venue were proper.

██ Collazos and Fahnbulleh next argue that the trial court erred in denying their motion to suppress the evidence seized in the search of the car driven by Payne. The district court cited *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978) and *Rawlings v. Kentucky,* 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980) and held that Collazos and Fahnbulleh did not have a legitimate expectation of privacy that could have been violated by the arrest and search of Payne and Craig. We agree. In *Rakas,* 439 U.S. at 148–49, 99 S.Ct. at 432–33 (1978), the Court affirmed the trial court's denial of a motion to suppress evidence seized in an auto search where the movants were passengers who had neither a property nor a possessory interest in the automobile or in the property seized. The Court further noted that automobiles are protected by diminished expectations of privacy and that the glove compartment and trunk of an automobile are not areas where a passenger would normally have any legitimate expectation of privacy. *Id.*

Although *Rakas* is distinguishable because Collazos and Fahnbulleh allege a property interest in the seized cocaine, *Rawlings,* 448 U.S. at 105–06, 100 S.Ct. at 2561–62 (1980) holds that ownership of drugs does not automatically create a protected expectation of privacy. *Rakas,* 439 U.S. at 131 n. 1, 99 S.Ct. at 424 n. 1, and *Rawlings,* 448 U.S. at 104, 100 S.Ct. at 2561, hold that the petitioner bears the burden of proving that he had a legitimate expectation of privacy which was violated by the challenged search. Collazos and Fahnbulleh fail to meet this burden. First, no case supports their claim. Second, they fail to establish any basis for their asserted privacy expectation because they did not own nor have any possessory interest in the vehicle which was searched, were absent at the time of the search, *Rakas* 439 U.S. at 148, 99 S.Ct. at 432, did nothing to protect their asserted privacy interest, and failed to show that they were aware their cocaine would be in the trunk of the car driven by Payne. *United States v. Perez,* 689 F.2d 1336, 1338 (9th Cir.1982).

██ Collazos and Fahnbulleh next argue that the district court erred in denying their motions for mistrial based upon a claim that some of the prospective jurors may have briefly noticed that the United States Marshal escorted them, in handcuffs, to the courtroom door and later treated them rudely inside the courtroom. The danger of prejudice to defendants is slight where a juror's view of defendants in custody is brief, inadvertent and outside of the courtroom. *United States v. Robinson,* 645 F.2d 616, 617 (8th Cir.), *cert. denied,* 454 U.S. 875, 102 S.Ct. 351, 70 L.Ed.2d 182 (1981); *United States v. Jackson,* 549 F.2d 517, 526 (8th Cir.), *cert. denied,* 430 U.S. 985, 97 S.Ct. 1682, 52 L.Ed.2d 379 (1977). If any prejudice was created by the brief and inadvertent handcuffing incident, it was dispelled when the district judge conducted a thorough voir dire of the jury panel and dismissed both prospective jurors who indicated that they saw the defendants outside the courtroom. We also find without merit appellants' claim that the district judge should have

declared a mistrial because the marshal, in the presence of the jury, told appellants to remain seated. The district judge prevented any serious prejudice from arising by warning the marshal to treat the defendants and their counsel with respect.

Finally, Fahnbulleh argues the district court erred in denying his motion for a new trial based on the previously asserted errors and on alleged prejudice created when the jury sent out a note asking whether Collazos had retained his attorney or whether he had been appointed by the court. We have addressed the other errors and need not address them further. Regarding the note, the district judge brought the jury back into the courtroom and instructed them that whether Collazos's attorney was retained or appointed had nothing to do with the facts or law in the case, and directed the jury to return a verdict under the instructions given by the court. We find that the district court cured any prejudice which may have been created by the incident, and that a new trial was not called for.

We affirm the convictions.