UNITED STATES of America, Appellee,

v.

Alvin Junior WILLIS, Appellant.

No. 84–2661.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 13, 1985.

Decided Sept. 27, 1985.

Richard L. McCoy, Sioux City, Iowa, for appellant.

Asher E. Schreoder, Asst. U.S. Atty., Sioux City, Iowa, for appellee.

Before HEANEY, JOHN R. GIBSON and FAGG, Circuit Judges.

HEANEY, Circuit Judge.

Alvin Junior Willis appeals from a final judgment of the district court upon a jury verdict finding him guilty of five federal offenses arising out of a conspiracy to maliciously attempt to damage and destroy, by means of fire or explosion, a vehicle used in interstate commerce. For the reasons set forth below, we reject Willis's several claims of error and affirm the judgment of the district court.

■ Willis's initial three claims of error arise out of the use of tape recordings at the trial below. First, he contends that the court erred in allowing these tape recordings into evidence. We reject this contention because our review of the record re-veals that the government satisfied the seven-prong test recently reiterated in *United States v. McCowan,* 706 F.2d 863, 865 (8th Cir.1983).[1]

■ Willis next contends that the court erred in allowing written transcripts of the tape recordings to be shown to the jury during the playing of the tapes, and erred by allegedly failing to specifically instruct the jury that the written transcripts were to be used as an aid only. A district judge's decision to allow the use of transcripts to assist jurors in listening to a tape recording will be reversed only for an abuse of discretion. *United States v. Bentley,* 706 F.2d 1498, 1507 (8th Cir.), *cert. denied, Platt v. United States,* 464 U.S. 830, ___, 104 S.Ct. 107, 2397, 78 L.Ed.2d 110, 81 L.Ed.2d 354 (1983). We find no abuse of discretion here. The transcripts were necessary because certain portions of the tapes were inaudible. The officer who prepared the transcripts testified that he listened to the tapes and accurately transcribed their contents, *id.* at 1507, and Willis fails to call to our attention any inaccuracies in the transcripts. The district court afforded Willis the opportunity to provide the court with an alternative version of the transcripts, and the court deleted allegedly inaccurate portions of the transcript at Willis's request. Finally, the court did not permit the jury to have the transcripts during their deliberations, and the transcripts were used only to assist the jurors as they listened to the recordings. We also reject Willis's contention that the court failed to adequately instruct the jury that the transcripts could only be used as an aid in interpreting the tape recordings. Our review of the record reveals that the court fully advised the jury of the limited use it could make of the transcripts.

---

1. These seven factors are:

    1) That the recording device was capable of taking the conversation now offered in evidence. 2) That the operator of the device was competent to operate the device. 3) That the recording is authentic and correct. 4) That changes, additions or deletions have not been made in the recordings. 5) That the recording has been preserved in a manner that is shown to the court. 6) That the speakers are identified. 7) That the conversation elicited was made voluntarily and in good faith, without any kind of inducement.

*McCowan,* 706 F.2d at 865.

■ Willis next contends that the court erred in admitting into evidence certain coconspirator statements which were part of the tape recordings. This contention fails under the analysis of this Court in *United States v. Bell*, 573 F.2d 1040, 1043 (8th Cir.1978). The district court found that (a) a conspiracy existed; (b) that Willis and Beauchene were members; and (c) that the declarations set forth in Government Exhibit 1000 were made in the course of and in furtherance of the conspiracy. These findings were sufficient to satisfy the requirements for their use. *See United States v. Fahnbulleh*, 748 F.2d 473, 476 (8th Cir.1984).

■ Willis next contends that the court erred by refusing, upon objection by the government, to permit him to inquire into informant Robert Potter's prior criminal convictions beyond the ten-year limitation of Fed.R.Evid. 609(b). It is within the trial court's discretion to allow inquiry into over ten-year-old criminal convictions of a witness if "the court determines, in the interests of justice, that the probative value of the conviction, supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed.R.Evid. 609(b). We find no such probative value to the convictions here as Willis had already clearly established through direct and cross-examination that Potter was a convicted felon. Accordingly, we find that the court did not abuse its discretion in refusing to permit inquiry into Potter's over ten-year-old convictions.

■ Willis next contends that the court erred in refusing to give the following jury instruction:

Defense to crime.

Arson is not committed where a person who owns the property consented to the defendant's acts and no insuror was exposed fraudulently to any risk.

Willis cites no case and presents no convincing argument why the failure to give this type of instruction would require reversal of a conviction. The court essentially permitted Willis to present this argument to the jury, but simply refused to give a jury instruction that Willis's theory was an absolute defense to the crime of arson. We find no error.

■ Willis next claims that the court erred in denying his motion for mistrial because: (1) witness Potter made reference to a statement by coconspirator Del Beauchene that Del Beauchene had, on a previous occasion, attempted to hire Willis to burn a vehicle in Boulder, Colorado; (2) Officer McCormick testified concerning court-ordered changes and deletions in the tape recordings; and (3) the jury allegedly was reading the transcript rather than listening to the tapes as they were being played. We reject these arguments. As to the statement made by witness Potter relating to Beauchene's efforts to hire Willis to burn a vehicle in Boulder, Colorado, we find that the district court properly handled the matter. The court recessed the proceedings immediately and admonished the government to refrain from referring to the Colorado incident and instructed the jury to disregard the Potter statement. While it is difficult to unring the bell, we agree with the district court's determination that this was not a sufficient ground for mistrial. Willis's second and third grounds for mistrial are simply not supported in the record, nor did defense counsel make proper objection in the record to secure review on appeal.

■ Willis's final claim of error is that the evidence is insufficient to support his convictions. Viewing the evidence in the light most favorable to the jury's verdict, *United States v. Smith*, 742 F.2d 398, 400–01 (8th Cir.1984), we find more than sufficient evidence in the record to support the jury's verdict.

Affirmed.