**UNITED STATES of America, Appellee,**

v.

**Andrew James OLSON, Appellant.**

**No. 90–5444.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 12, 1991.

Decided April 26, 1991.

Andrew H. Mohring, Minneapolis, Minn., for appellant.

Richard G. Morgan, Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, and McMILLIAN and ARNOLD, Circuit Judges.

McMILLIAN, Circuit Judge.

Andrew James Olson appeals from a final judgment entered in the District Court[1] for the District of Minnesota finding him guilty, upon a guilty plea, of attempted possession of cocaine with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court imposed a ninety-six month sentence under the Federal Sentencing Guidelines. The sentence was to be followed by a supervised release term of four years and included a special assessment of $50.00. For reversal, Olson argues that the district court erred in refusing to (1) depart downward from the guidelines range in light of the government's acts of entrapment and (2) reduce his offense level because of his minor participation in the offense. For the reasons discussed below, we affirm the judgment of the district court.

In August 1989, an informant in Minnesota contacted state agents in Colorado and told them that Olson was looking for a cocaine source and was "constantly telephoning" him to set up a transaction. The agents told the informant to tell Olson that the price of cocaine was $17,500 per kilogram and might be reduced if Olson picked up the cocaine in Colorado. Olson told the informant he wanted to buy one kilogram of cocaine from the informant's source, and the price was established at $15,500. Olson later told the informant that he had the money and instructed him to purchase airline tickets in cash. The agents supplied the informant with money to purchase the tickets; Olson told the informant he would reimburse him for his (Olson's) ticket.

On September 12, Olson and the informant went to Colorado but were stopped at Stapleton International Airport in Denver, Colorado, by agents of the Stapleton Narcotics Unit. The agents confiscated $12,000 from Olson, questioned him, and released him. Olson and the informant then met an undercover agent, who was posing as the informant's source, and told him the money had been confiscated. The agent told Olson he would deliver one kilogram of cocaine in Minneapolis for the same price. On September 22, another undercover agent, posing as a "mule", met Olson in Minneapolis. Olson told the agent he did not have the money, but would talk to his money source and meet the agent later. On September 27, the agent contacted Olson and made arrangements to complete the transaction. Olson told the agent he had the money and was bringing another person with him. The agent met Olson and his partner in a parking lot. Olson gave the agent $4000 and his partner gave the agent $10,000. The agent then gave Olson's partner the one kilogram of cocaine. Subsequently, Olson, his partner, and their driver were arrested in the parking lot.

Olson told authorities that when he contacted the informant to get a gram of cocaine, the informant had tried to sell him a kilogram for $25,000. Olson said that he only accepted the offer when the price had dropped to $14,000. Olson also told authorities that his partner was a distributor of cocaine and that most of the cocaine would be going to him because Olson did not have many customers.

Olson pleaded guilty to the one-count indictment charging him with attempting to possess one kilogram of cocaine with the intent to distribute it. The parties made a nonbinding stipulation that, inter alia, Olson was entitled to a 2-level minor participant reduction, Guideline § 3B1.2(b). The Presentence Report determined Olson's

---

1. The Honorable Edward J. Devitt, Senior United States District Judge for the District of Minnesota.

base offense level to be 26, Guideline § 2D1.1(c)(9) (at least 0.5 kilograms, but less than 2.0 kilograms of cocaine), but reduced it by two levels for acceptance of responsibility, Guideline § 3E1.1. The Presentence Report assessed no adjustment for Olson's role in the offense. Olson's criminal history category of V resulted in a guideline sentencing range of 92–115 months. The Presentence Report noted that there were no factors warranting a departure.

Olson objected to the Presentence Report, arguing, inter alia, that he should be granted a 2-level reduction for being a minor participant. Olson argued that his small financial contribution to the transaction and his role as a middle man entitled him to a minor participant reduction. Olson also believed that the government's conduct was grounds for a downward departure pursuant to Guideline § 5K2.10 (victim's wrongful conduct contributed significantly to provoking the offense) and 5K2.12 (offense committed because of serious coercion, blackmail, or duress). Olson noted that the agents reduced the price several times, offered to deliver the drugs in Minneapolis at no extra charge, and funded the airline tickets to Colorado. Olson admitted that he actively worked to arrange the transaction, but argued that the government's conduct provoked the offense and was coercive.

The addendum to the Presentence Report noted that Olson was denied the reduction for being a minor participant because he made the initial contact with the informant and attempted to purchase the cocaine. The addendum also stated that a downward departure pursuant to Guideline § 5K2.10 was not warranted because that section contemplates a violent offense or an offense in which the victim provoked or harassed the defendant to steal or destroy property. It also stated that Guideline § 5K2.12 was not applicable because Olson's offense was not prompted by coercion.

At sentencing, the district court adopted the position of the probation officer as set forth in the addendum to the Presentence Report. The district court found no reason to depart from the applicable guidelines sentencing range and stated that it was obligated to sentence Olson within that range. On appeal, Olson argues that the government's conduct "raised the spectre of entrapment," thus supporting a downward departure under Guideline § 5K2.10 and 5K2.12. Olson argues that the district court's refusal to depart from the guidelines is reviewable on appeal because the district court misunderstood its authority to depart on this ground.

■ Although a refusal to depart from the applicable guideline sentencing range is not reviewable on appeal, this court may review sentences that are imposed as a result of an incorrect application of the guidelines. 18 U.S.C. § 3742(a); *United States v. Evidente*, 894 F.2d 1000, 1003–04 (8th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990). We review only whether the district court correctly applied the guidelines, not its judgment that departure was not warranted. Here, however, the district court correctly applied the guidelines and found that the government's conduct was not an instigating factor. *United States v. Streeter*, 907 F.2d 781, 786–87 (8th Cir.1990) (rejecting defendant's argument that the government's misconduct was a mitigating factor which required downward departure when a defendant pleads guilty).

■ Olson also argues that the district court erred in failing to reduce his offense level based on his role as a minor participant. The district court's denial of minor participant reduction is reviewed under the clearly erroneous standard. *United States v. Foote*, 898 F.2d 659, 668 (8th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 112, 112 L.Ed.2d 81 (1990). The record shows that Olson contacted the informant on several occasions to arrange a cocaine transaction, flew to Colorado to meet with the "source," and contributed his own money to complete the transaction. Furthermore, Olson admitted he actively worked to arrange the transaction. We hold the district court's refusal to grant Olson a minor participant reduction is not clearly erroneous.

Accordingly, the judgment of the district court is affirmed. *See* 8th Cir.R. 47B.