UNITED STATES of America, Appellee,

v.

Miguel MARTINEZ, Appellant.

No. 91–1482.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 14, 1991.

Decided Dec. 11, 1991.

Andrew H. Mohring, Minneapolis, Minn.,
argued, for appellant.

Margaret T. Burns, Minneapolis, Minn., argued, for appellee.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

BOWMAN, Circuit Judge.

Miguel Martinez appeals his conviction and sentence on three counts of distributing cocaine, one count of possessing with intent to distribute cocaine, and one count of conspiracy to possess and distribute cocaine. We affirm.

Martinez was convicted on the basis of four major pieces of evidence. First, the prosecution introduced three taped conversations between Martinez and a police informant recorded while the informant purchased cocaine from Martinez and his accomplices. Second, the police informant testified about his three cocaine purchases from Martinez and the contents of the tape recordings. Third, the prosecution introduced approximately 200 grams of cocaine found in Martinez's bedroom pursuant to a lawful search of Martinez's residence, and fourth, the prosecution also introduced $2,580 of prerecorded "buy" money found on Martinez's body after his arrest.

■ Martinez claims that the location of a possible witness who could not be located during the trial is now known. This newly discovered evidence, he claims, is sufficient to require a new trial, or at least a postconviction evidentiary hearing, as this potential witness is alleged to possess exculpatory evidence. After this appeal was docketed and briefed by Martinez, he filed a motion in District Court[1] for a new trial or evidentiary hearing based on this newly discovered evidence. The District Court denied this motion on August 30, 1991. *United States v. Martinez*, Crim. No. 3–90–122(1), Memorandum and Order (D.Minn. August 30, 1991). This issue is not properly before us, as this case is solely an appeal of the judgment and sentencing of March 7, 1991, not of any subsequent rulings. Therefore, we decline to address this issue.

■ Martinez also alleges that the tapes of the conversations between him and the police informant were of such poor quality that it was prejudicial to allow the jury to hear them. He further claims that because the tapes were so unintelligible, it was prejudicial error to allow the jury to read inaccurate transcripts of the tapes while listening to them. This claim is controlled by our holding in *United States v. Grego*, 724 F.2d 701 (8th Cir.1984), and similar cases. "The admission of the tape is 'within the sound discretion of the trial court [sic] and will not be reversed unless there has been an abuse of that discretion.'" *Grego*, 724 F.2d at 704 (quoting *United States v. Bell*, 651 F.2d 1255, 1259 (8th Cir.1981)).

We can find no abuse of discretion. Transcripts of the tapes were given to the jurors with which to follow along while the tapes were played, but the transcripts were not admitted into evidence. Martinez was given an opportunity to, and did, dispute the government's interpretation of the tapes by calling an experienced translator to rebut portions of the transcribed tapes.[2] He was given an opportunity, but declined, to offer his own transcripts for the jury's use. Both sides were free to address the quality and the interpretation of the tapes in their jury arguments. The informant testified about the recorded conversations and was cross-examined about them, as was the translator who transcribed the tapes for the government. The judge instructed the jury that only the tapes, and not the transcripts, were to be considered when weighing the evidence. In these circumstances, we cannot say that the District Court "clearly abused its discretion" in either admitting the tapes or allowing the jury to use the transcripts. *United States v. Jackson*, 914 F.2d 1050, 1053 (8th Cir. 1990); *see also United States v. Willis*, 774 F.2d 258, 259 (8th Cir.1985) (decision to

---

1. The Honorable Edward J. Devitt, Senior United States District Judge for the District of Minnesota.

2. Some of the taped conversations were in Spanish.

allow transcripts as an aid to the jury reversed only for an abuse of discretion).[3]

Martinez also challenges his sentence. He argues that he was entitled to a downward departure from his sentencing guideline range, pursuant to either United States Sentencing Commission, *Guidelines Manual*, § 5K2.0, p.s., § 5K2.10, p.s., or § 5K2.12, p.s. (Nov.1990). Martinez asserts that the District Court incorrectly applied the sentencing guidelines by refusing to grant a downward departure on the basis of either entrapment or governmental conduct. Under 18 U.S.C. § 3742(a)(2) (1988), we are allowed to review a sentencing decision that incorrectly applies the guidelines.

■ We are persuaded that, as a matter of law, the District Court did not incorrectly apply either U.S.S.G. §§ 5K2.10, p.s. or 5K2.12, p.s. Section 5K2.10, p.s. states that the sentencing court may grant a downward departure "[i]f the victim's wrongful conduct contributed significantly to provoking the offense behavior." Among the factors to consider are the "physical characteristics" of the victim, § 5K2.10(a), p.s., and the danger reasonably perceived or actually presented to the defendant by the victim. Sections 5K2.10(c) and (d), p.s. Section 5K2.10, p.s. also states that it "usually would not be relevant in the context of nonviolent offenses," except perhaps when an "extended course of provocation ... lead[s] ... to ... retaliation." We hold that as a matter of law the alleged actions of the government, admittedly not rising to the level of entrapment, do not constitute "victim conduct" sufficient to warrant a downward departure pursuant to § 5K2.10, p.s. *See United States v. Olson*, 931 F.2d 1250, 1252 (8th Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 243, 116 L.Ed.2d 198 (1991).

■ Similarly, as a matter of law, U.S.S.G. § 5K2.12, p.s., allowing for a departure on the basis of coercion and duress, does not apply to the facts of this case. Section 5K2.12, p.s. states that "[o]rdinari-

ly coercion will be sufficiently serious to warrant departure only when it involves a threat of physical injury, substantial damage to property or similar injury resulting from the unlawful action of a third party." Martinez does not allege that the government made any threats to him of any kind or engaged in any unlawful activity, but only that it used a paid informant in a "controlled buy" scenario. The circumstances required to grant a § 5K2.12, p.s. departure are not satisfied by such lawful government activity. *See Olson*, 931 F.2d at 1252.

■ Martinez also claims that he is entitled to a downward departure under U.S.S.G. § 5K2.0, p.s., and that the District Court incorrectly applied this guideline. At issue is whether the court, when adopting the Presentence Report's recommendation that such a departure is "inappropriate," meant that such a departure was unavailable to Martinez as a matter of law, which is reviewable on appeal, or that the court meant that a departure was available, but in its discretion decided not to grant such a departure, a decision not reviewable by our court. *See United States v. Evidente*, 894 F.2d 1000, 1004 (8th Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990). Based on our review of the entire record of the sentencing in this case, including the Presentence Report, the addendum to the report, Martinez's objections to the Presentence Report, and the sentencing hearing transcript, we are satisfied the District Court's denial of the requested downward departure was an exercise of its discretionary power. As such, the decision not to grant Martinez a downward departure under § 5K2.0, p.s. is not reviewable by this Court.

■ Finally, Martinez claims that the District Court erred in enhancing Martinez's offense level to reflect his leadership role in the conspiracy to possess and distribute cocaine, pursuant to U.S.S.G. § 3B1.1(c). This factual decision will be

---

**3.** "We disagree with any suggestion ... that a failure [of the trial court to evaluate the tapes before trial] necessarily indicates an abuse of

discretion." *United States v. Nicholson*, 815 F.2d 61, 63 (8th Cir.1987).

reversed only if clearly erroneous. *United States v. Sutera*, 933 F.2d 641, 649 (8th Cir.1991).

The evidence introduced at trial overwhelmingly establishes that this enhancement of Martinez's sentence was not clearly erroneous. Martinez travelled to Miami to acquire cocaine and brought it back to Minnesota. He was the source of the cocaine distributed by him and his co-conspirators. He kept possession of the cocaine, as evidenced by the cocaine found in his bedroom, and sold cocaine to the informant. He also received and kept the money from the sale of the cocaine, as evidenced by the "buy" money found on him when he was arrested. This evidence, together with additional testimony by the informant about Martinez's role, points to Martinez's role as "an organizer, leader, manager, or supervisor" in the criminal activity. U.S.S.G. § 3B1.1(c). On this record, we cannot say that the decision to enhance Martinez's offense level was clearly erroneous.

The conviction and sentence are affirmed.