966 F.2d 1459
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Larry WALCOTT, Appellant.
 No. 92-1010.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 3, 1992.
Filed: June 10, 1992.
 
 Before FAGG, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Larry Walcott pleaded guilty to possessing approximately eight ounces of cocaine with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to imprisonment for thirty-three months. Walcott appeals his sentence, and we affirm.
 
 
 2
 The district court denied Walcott a two-level reduction in his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1. Walcott asserts the district court denied him the reduction because he refused to admit he engaged in earlier controlled buys with the Government's confidential informant. Walcott argues the court thus violated his Fifth Amendment privilege against self-incrimination. We disagree.
 
 
 3
 The district court may reduce a defendant's offense level by two levels if the defendant "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. § 3E1.1(a). We review a district court's acceptance-of-responsibility decision for clear error. United States v. Laird, 948 F.2d 444, 446-47 (8th Cir. 1991). We have in the past upheld section 3E1.1 against a facial challenge under the Fifth Amendment. United States v. Lyles, 946 F.2d 78, 81-82 (8th Cir. 1991). We need not decide at this time whether conditioning the acceptance-of-responsibility reduction on a defendant's admission to earlier unindicted conduct violates the Fifth Amendment. After reviewing the record, we are persuaded the district court refused Walcott the reduction primarily because he downplayed his involvement in the offense to which he pleaded guilty. See United States v. Trussel, Nos. 91-1220/91-1318, slip op. at 8-9 (7th Cir. Apr. 14, 1992)
 
 
 4
 (1992 WL 73610, at * 5). Walcott denied he had sold drugs in the past. Although Walcott possessed the cocaine he was charged with distributing, Walcott stated he was merely doing a favor for a friend by acting as a middleman for the real seller. Walcott denied engaging in the monitored telephone conversations with the confidential informant setting up the purchase. Walcott also initially denied to authorities that he was going to sell the cocaine he was charged with distributing. We thus conclude the record supports the district court's denial of a reduction for acceptance of responsibility. See id. at 9; United States v. Contreras, 927 F.2d 1058, 1059 (8th Cir.), cert. denied, 112 S. Ct. 349 (1991).
 
 
 5
 We also reject Walcott's contention that the district court misapplied the Guidelines by not departing downward from the applicable sentencing range under U.S.S.G. § 5K2.10 (victim's wrongful conduct) and U.S.S.G. § 5K2.12 (coercion and duress). Walcott argues the Government aggravated the offense by setting up a "large" drug transaction when he was at most a "small" dealer. Walcott concedes he was not legally entrapped but contends that an "incomplete" defense of entrapment can justify a departure. We rejected these arguments in United States v. Martinez, 951 F.2d 887, 889 (8th Cir. 1991), cert. denied, 112 S. Ct. 1695 (1992).
 
 
 6
 Accordingly, we affirm.