16 F.3d 1229
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Frank HARVEY, Jr., Appellant.
United States of America, Appellee,
v.
Derell Devon Grimm, Appellant.
 No. 93-2432, No. 93-2429.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 9, 1993.
Filed: February 7, 1994.
 
 Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.
 PER CURIAM.
 
 
 1
 Frank Harvey, Jr., (Harvey) and Derell Devon Grimm (Grimm) both pleaded guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. Sec. 846 (1988). Harvey and Grimm appeal their sentences, contending that the district court[1] erred when it refused to award them an adjustment for their role in the offense. Grimm also challenges the constitutionality as applied of 21 U.S.C. Sec. 841(b)(1)(A)(iii) (1988)[2] and the Sentencing Guidelines. We find each of these claims to be without merit, and we affirm the sentences imposed by the district court.
 
 
 2
 After receiving information from a California drug dealer apprehended en route to St. Louis, Harvey and Grimm were arrested while purchasing 958.3 grams of cocaine base from the California dealer. Law enforcement officers observed Grimm, the St. Louis distributor, pay for the drugs, while Harvey was handed the cocaine base. Harvey, a paid courier, understood he would receive two hundred dollars and two ounces of cocaine base for his services. Grimm was subsequently sentenced to 150 months imprisonment. Harvey received a sentence of 210 months.[3]
 
 
 3
 Harvey and Grimm contend the district court erred when it failed to award them an adjustment pursuant to U.S.S.G. Sec. 3B1.1 for their minimal or minor role in the conspiracy. A district court's denial of a Sec. 3B1.1 adjustment is reviewed under the clearly erroneous standard. United States v. Olson, 931 F.2d 1250, 1252 (8th Cir.), cert. denied, 112 S. Ct. 243 (1991). Whether an individual's sentence is subject to an adjustment for the individual's role in the offense is a question of fact, United States v. Fuller, 942 F.2d 454, 458 (8th Cir.), cert. denied, 112 S. Ct. 315 (1991), and cert. denied, 112 S. Ct. 890 (1992), determined not only by comparing the individual's culpability to that of the other members of a conspiracy, but also by comparing the individual's actions " 'and relative culpability against the elements of the offense.' " United States v. Westerman, 973 F.2d 1422, 1427 (8th Cir. 1992) (quoting United States v. Goebel, 898 F.2d 675, 677 (8th Cir. 1990)).
 
 
 4
 The district court denied Harvey an adjustment for his role in the conspiracy. Prior to sentencing, the government stipulated that Harvey did not have knowledge of the entire scope of the conspiracy. Nonetheless, the probation office's position, subsequently adopted by the district court, was that Harvey was not entitled to an adjustment for a minimal or minor role largely due to the significant quantity of cocaine base expected by Harvey as payment for his services. The two ounces of cocaine base thus increased Harvey's relative culpability, making it not significantly lower than that of Grimm or the California dealer. In light of this fact, we do not find that the district court's denial of a Sec. 3B1.1 adjustment to Harvey's sentence was clearly erroneous. Hence, we affirm Harvey's sentence.
 
 
 5
 The district court found that Grimm was as culpable as the California dealer; consequently, it denied Grimm an adjustment for a minor role in the conspiracy. In light of the substantial amount of cocaine base that Grimm intended to distribute in the St. Louis area, we find no basis upon which to disagree with the district court. As applied to Grimm, we affirm the district court's denial of a Sec. 3B1.1 adjustment.
 
 
 6
 Grimm challenges the constitutionality as applied of 21 U.S.C. Sec. 841(b)(1)(A)(iii). We recently reviewed a similar claim in United States v. Johnson, Nos. 92-3777, 92-3778, slip op. at 5-6 (8th Cir. Dec. 21, 1993). Because we find no evidence that Sec. 841(b)(1)(A)(iii) is applied in a discriminatory fashion, we reject Grimm's claim. See id.
 
 
 7
 Grimm also challenges the constitutionality of the Sentencing Guidelines as the guidelines apply to cocaine-base sentences imposed beyond the Sec. 841 statutory minimum. In short, this claim asserts that the sentencing disparity between cocaine powder and cocaine base is unconstitutional. We have consistently rejected such challenges, and we do so again. See id. at 6; United States v. Lattimore, 974 F.2d 971, 974-76 (8th Cir. 1992), cert. denied, 113 S. Ct. 1819 (1993).
 
 
 8
 Accordingly, we affirm the sentences imposed by the district court.
 
 
 
 [1]
 The Honorable Edward L. Filippine, Chief Judge, United States District Court for the Eastern District of Missouri
 
 
 [2]
 In this case, 21 U.S.C. Sec. 846, a conspiracy statute, requires sentencing under 21 U.S.C. Sec. 841(b)
 
 
 [3]
 The sentencing disparity is due to a significant difference in criminal history points