# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3012EA

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the Eastern District |
| | * | of Arkansas. |
| Gary Jerome Riley, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 17, 2000

Filed: January 18, 2001

_____

Before McMILLIAN, RICHARD S. ARNOLD, and BEAM, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Gary Jerome Riley appeals his conviction and sentencing on two counts of possessing cocaine base with the intent to distribute. He argues that the District Court erred in admitting crime-lab reports without proper authentication, in failing to appoint substitute counsel at sentencing, and in sentencing him as a career offender. We agree

that the admission into evidence of the crime-lab reports was prejudicial error.[1] Consequently we reverse and remand for a new trial.

## I.

Evidence tended to show the following facts. Three officers of the Arkansas State Police went to a house in Pine Bluff to buy drugs. Mr. Riley was present. The officers waited while a woman at the stove heated a baby-food bottle containing something that Mr. Riley said was crack. During that time, the officers saw Mr. Riley's co-defendant, Mr. Thomas, conduct several sales and split the money with Mr. Riley. When the bottle being heated on the stove exploded, Mr. Riley reassured the officers that he could have "Junior Pooh" bring some crack to the house. Junior Pooh arrived with just short of an ounce of a substance Mr. Riley represented as crack. Mr. Riley promised the officers that he would make up the difference, and the officers paid him $1,000 for the substance. A little more than a month later, one of the officers returned to the house and purchased a half ounce of something for $500.

To prove the chemical identity of the substance the officers were sold, the government intended to offer the testimony of a state crime-lab chemist and a document entitled "State Crime Laboratory: Report of Laboratory Analysis." The chemist was present to testify on the day of trial but wanted to leave for medical reasons. The government therefore prepared a stipulation form stating that the chemist, if present, would have testified in accordance with the report. Although Mr. Riley's lawyer signed the form, Mr. Riley refused to do so. The government allowed the chemist to leave. At trial, it offered the report on the basis of an officer's testimony that he had submitted the substance to the crime lab, received the report from the lab, and checked the identification number of the sample against that reflected on the report. The District

---

[1]The government does not contend that the admission of the report was harmless. Thus, that question is not before us.

Court held that this foundation satisfied Federal Rule of Evidence 803(6), and admitted the report.

## II.

The first question is whether defense counsel's signature was sufficient for an effective stipulation. Under the facts presented here, we hold that it was not. We have held that, where a stipulation serves as the functional equivalent of a guilty plea, the Due Process Clause requires that the trial court examine the defendant to ascertain whether he understands the stipulation and agrees to it voluntarily. Cox v. Hutto, 589 F.2d 394, 396 (8th Cir. 1979). We do not mean to say that the stipulation Mr. Riley's counsel signed was the functional equivalent of a guilty plea, or that, on these facts, the trial court was required to examine Mr. Riley. But the same constitutional values that impose procedural safeguards on the acceptance of a guilty plea also dictate that a defendant may not be treated as admitting to an element of an offense when he clearly and firmly expresses the desire to hold the government to its burden of proof. Because the defendant did not stipulate to the chemist's testimony, we must consider whether the proffered document was admissible without it. If counsel had stipulated in defendant's presence, and defendant had stood silent, a different case would be presented.

## III.

The government first contends that the document was admissible without the chemist's testimony because it was self-authenticating under Arkansas law. We are referred to Ark. Code Ann. § 12-12-313(d)(1), which provides:

> All records and reports of evidence analysis of the State Crime Laboratory shall be received as competent evidence . . . when duly attested to by the analyst who performed the analysis.

However compelling this authority might be in an Arkansas court, it has no bearing here. The question presented concerns the admissibility of evidence in a federal prosecution. Such questions are controlled by the Federal Rules of Evidence.

We turn, therefore, to the District Court's analysis, which rightly focused on Federal Rule of Evidence 803(6). That rule provides that a document may be admitted into evidence under the business-records exception to the hearsay rule only if authenticated by the "testimony of the custodian [of the record] or other qualified witness." Mr. Riley argues that the police officer was not a "qualified witness" for purposes of the rule and that it was therefore an abuse of discretion to admit the report. See United States v. Baker, 855 F.2d 1353, 1359 (8th Cir. 1988), cert. denied, 490 U.S. 1069 (1989) (standard of review).

We agree. The government concedes the conclusive fact: "the Arkansas State Police officers . . . admittedly had no personal knowledge about how the lab reports were prepared or maintained." Brief of Appellee 4. Without such personal knowledge, the officers could not testify that the documents offered by the government had been "kept in the course of a regularly conducted business activity" or that "it was the regular practice of that business activity to make the memorandum, report, record, or data compilation . . .." Fed. R. Evid. 803(6). Thus, the officers' testimony could not lay the foundation for admissibility of those documents.

The District Court based its contrary holding on two decisions of this Court: United States v. Roulette, 75 F.3d 418 (8th Cir. 1996), and Baker, supra. Those cases do not control the question before us. Baker stands for the proposition that, "[w]hen made on a routine basis, laboratory analyses of controlled substances are admissible as business records under Federal Rule of Evidence 803(6)." 855 F.2d at 1359. The issue of foundation presented here did not arise in that case. In Roulette, we held that a lab report could be admitted without the testimony of the person who actually

prepared the report. 75 F.3d at 422. We did not hold that alleged business records may be admitted even if *no one at all* testifies from personal knowledge as to foundation.

The government also calls our attention to United States v. Koontz, in which we upheld a conviction against a challenge based upon the admission of a booking report as a public record. 143 F.3d 408 (8th Cir. 1998). The defendant in that case challenged the admissibility of the report on the basis that the agent who testified as to foundation did not personally know whether the facts contained in the report were true. We held that the agent did not need personal knowledge of the material facts, because his testimony was not offered to prove them; the report itself served that purpose. Id. at 412. In Mr. Riley's case, as in Koontz, the officers' testimony was offered to prove the lab report's authenticity and reliability as a business record. It could not do so, however, because the personal knowledge lacking here concerned the foundational facts themselves.

We know of no categorical rule to the effect that a report from a state crime lab may always be admitted upon an officer's testimony. We also reject the government's suggestion that such testimony is adequate as long as the crime lab is run by the police department. Such administrative arrangements do not guarantee competent testimony at any given trial. Rather, when held to its burden, the prosecution must put on a witness who can testify to the foundational facts required by the Rule. That was not done here.

## IV.

The admission of the records in question requires a new trial. For that reason, we do not reach Mr. Riley's other assignments of error.

Reversed and remanded for further proceedings consistent with this opinion.

A true copy.

Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.