## United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 00-3252 NISC
No. 00-3253 NISC
No.  00-3511 NISC
No.  00-3513 NISC

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Northern |
| v. | * | District of Iowa |
| | * | |
| Duy Duc Le, also known as Trang, | * | [PUBLISHED] |
| and Tuan Van Ung, | * | |
| | * | |
| Appellants. | * | |

Submitted:  June 12, 2001
Filed: November 15, 2001

Before LOKEN and HALL, Circuit Judges, and ROSENBAUM,[*] District Judge.

PER CURIAM.

Appellants, Duy Duc Le and Tuan Van Ung, appeal their convictions for the crimes of conspiracy to distribute methamphetamine within 1,000 feet of a school, and three counts of distribution of methamphetamine within 1,000 feet of a school. Appellant Le also appeals his sentence and the denial of his motion for a new trial.

_____

[*]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

We need only consider one aspect of defendants' appeal in order to reverse each of their convictions and remand for further proceedings. Each defendant claims his conviction should be reversed, because the district court improperly admitted a drug laboratory report, absent the proper foundation. Their argument is well taken.

At trial, the government sought to prove that defendants conspired to distribute, and actually did distribute, methamphetamine. Among the required elements for each count, was proof that the drug in question was actually methamphetamine. The government attempted to prove this element by submitting only the testimony of the case agent -- a sworn law enforcement officer -- who proffered a laboratory report identifying the analyzed chemical as methamphetamine. The record shows that the case agent was not trained or qualified as a chemist, nor was he an employee of the laboratory or the custodian of its records. He had no knowledge of the laboratory's analytical methods and knew nothing of its operational processes. Defense counsel properly objected to this evidence, claiming improper foundation. The district court, notwithstanding counsel's objection and its own expressed concerns about the foundation for the report, allowed it into evidence.

We review a trial court's decision to admit evidence under an abuse of discretion standard. See United States v. Franks, 939 F.2d 600, 602 (8th Cir. 1991). Applying this standard, we find the admission of the laboratory report to be a clear abuse of discretion. The admission of this document -- offered to prove an essential element of the government's case -- absent proper foundation requires reversal and a new trial. Our decision in U.S. v. Riley, 236 F.3d 982 (8th Cir. 2001) compels this

result.  We explicitly reject the government's suggestion that the error was harmless. It is difficult to imagine, and should be even more difficult to argue, that a defect in proving the chemical was methamphetamine is harmless, when the defendants are on trial for distribution of that drug.

Having found the introduction of the report to be reversible error, we could decline to consider any other issues raised in this appeal.  This fact having been noted, however, we feel compelled to consider a second issue:  the question of admitting tape recordings of painfully low quality into evidence.  The trial judge commenting on the quality of these tape recordings called them, "**. . . probably the worst tapes I've seen in my six years that the government's tried to introduce.**"  [Tr. p. 285].  It is the government's duty in a criminal case to offer competent evidence in support thereof.  This means the government is also obligated to obtain and use recording means sufficient to the task.  The fact that the evidence is in electronic form does not mitigate or diminish the government's duty to offer admissible evidence. We do not gainsay the district court's decision admitting these recordings in the trial below.  But we join with him in recognizing that a trial judge may, in his or her discretion, decline to admit low quality or unintelligible recordings into evidence, when its quality renders it untrustworthy.  See United States v. Martinez, 951 F.2d 887,888 (8th Cir. 1991).

Ultimately, however, we find the admission of the laboratory report requires a reversal of the convictions, and remand for such further proceedings as may be appropriate.  For that reason, we decline to reach the appellants' other assignments of error.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.