**UNITED STATES of America,**

v.

**Leroy WILLIE, Defendant.**

**No. CRIM.A. 4:03CR133–1.**

United States District Court,
E.D. Virginia.
Newport News Division.

March 15, 2004.

Robert E. Bradenham, II, Assistant United States Attorney, Norfolk, VA, Counsel for USA.

James R. McKenry, Esquire, Allison W. Anders, Esquire, McKenry, Dancigers, Warner, Dawson & Lake, PC, Virginia Beach, VA, David J. Preller, Jr., Esquire, Preller & Preller, Baltimore, MD, Counsel for Defendant.

## ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the court on defendant's motion in limine [1] to exclude from evidence an audiotape that allegedly rec-

---

1. Both the defendant and the government referred to defendant's motion as a motion to suppress. A motion to suppress, however, "asserts that items of evidence or confessions were illegally obtained and is grounded in constitutional right," while a motion in limine "requests only a ruling that the characteristics of a particular piece of evidence give it potentially inflammatory aspects which appear to outweigh whatever materiality it could have at trial, and is addressed to the discretion of the trial judge." 75 Am. Juris-

diction.2d *Trial* § 95 (1991). Defendant's motion is clearly the latter. The distinction is important for a number of reasons, one of which is that while denial of a motion to suppress is immediately appealable, the denial of a motion in limine is not, and an objection at trial must be made to reserve the issue for appeal. *See id.* at § 112. Moreover, because a ruling on a motion in limine is not a final order, "it is subject to reconsideration and change by the court during the course of trial." *Id.*

ords an illegal transaction between defendant and a government informant. For the reasons set forth below, defendant's motion is **DENIED.**

On December 4, 2003, a grand jury indicted defendant and co-defendant Michael J. Williams on six counts of unlawfully and knowingly acquiring and possessing United States Department of Agriculture ("USDA") food coupons, in violation of 7 U.S.C. § 2024(b)(1) (counts 2 through 7), and one count of conspiracy to acquire and possess USDA food coupons, in violation of 18 U.S.C. § 371 (count one). Counts two through seven charge that defendant, a meat and produce retailer, purchased food coupons from a government informant for approximately half of their face value on September 6, 2001, October 4, 2001, November 6, 2001, December 5, 2001, February 6, 2002, and March 6, 2002. In all, defendant allegedly purchased $2,010 in food coupons illegally.

The government informant wore hidden recording equipment on five of the six occasions on which defendant allegedly purchased the food coupons. Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(B), the government furnished defendant with copies of the five recordings made by the informant. The defendant was also given notice that the government informant who wore the recording equipment is expected to testify at trial. On February 10, 2004, defendant filed this motion in limine, seeking to exclude two of these recordings. Specifically, defendant sought to exclude recordings of the alleged transactions on February 6, 2002, and March 6, 2002. After the government responded to defendant's motion, the court

held a hearing on defendant's motion in limine on March 10, 2004. At the hearing, the government notified the court that it does not intend to use the February 6, 2002 recording at trial, but does intend to use portions of the March 6, 2002 recording. Defendant then introduced transcriptions of all the recordings made by defendant's stenographer. The court admitted these transcripts as defense exhibits 2 through 6. The court heard argument from counsel for the defendant and the government, and took the matter under advisement in order to listen to the March 6, 2002 recording. Having reviewed the recording, the court denies defendant's motion in limine.

■ The admissibility of a tape recording rests within the sound discretion of the trial court. *United States v. Capers,* 61 F.3d 1100, 1106 (4th Cir.1995). Before any item of documentary evidence is admitted, of course, the proponent of that document or recording must lay an adequate foundation for that evidence's admission. Fed. R. Ev. 901(a); *United States v. Wilson,* 115 F.3d 1185, 1188–89 (4th Cir.1997). That foundation must establish that the recording is an authentic and true representation of what it purports to have recorded, including an identification of the voices on the recording. *See* Fed. R. Ev. 901(b)(5). On this motion, however, defendant does not challenge the government's ability to lay an adequate foundation to admit the March 6, 2002 recording, but rather argues that the tape is of such poor quality that its probative value is substantially outweighed by the danger of unfair prejudice.[2] This is an argument under Federal Rule of Evidence 403.

---

**2.** Defendant's motion in limine conflates the issues of adequate foundation under Rule 901 and undue prejudice under Rule 403, arguing that "Defendant Willie submits that [the February 2, 2002, and March 6, 2002 recordings] are unintelligible, and therefore inaccurate, untrustworthy, and incompetent." (Def. Mot.

to Suppress, at 3.) Though this appears in part to be an attack on authenticity and, therefore, adequate foundation, all of defendant's arguments in the memorandum in support of his motion and at the hearing centered around the recording's lack of clarity. This

■ Rule 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Ev. 403. In general, "poor quality and partial unintelligibility do not render tapes inadmissible unless the unintelligible portions are so substantial as to render the recording as a whole untrustworthy." *E.g., United States v. Dukes*, 139 F.3d 469, 473 (5th Cir.1998). Where the low quality of recordings renders them untrustworthy, the district court may, in its discretion, decline to admit those recording in evidence as unduly prejudicial. *United States v. Le*, 272 F.3d 530, 532 (8th Cir.2001) (per curiam) *citing United States v. Martinez*, 951 F.2d 887, 888 (8th Cir.1991).

■ After reviewing the March 6, 2002 recording, the court finds that, though the recording is not perfect, on the whole it is not so poor as to render it untrustworthy. While there are certainly inaudible portions of the alleged conversation between defendant and the government informant, this lack of clarity simply goes to the weight the jury should accord to the March 6, 2002 recording; it does not ren-

der the evidence inadmissible. The majority of what defendant allegedly said is intelligible on the recordings, as is all that the government's informant said. Thus the recording is "trustworthy" enough to be probative on the issues of whether defendant and the government informant had any interaction on March 6, 2002, and what words were spoken. Moreover, there is not a substantial danger that the recording's admission will unfairly prejudice the jury, especially in light of the fact that the government intends to introduce three other tapes made in exactly the same manner, to which defendant does not object at this time.

In other words, at this time, the court does not find reason to rule that the March 6, 2002 recording should be kept from the jury. Accordingly, defendant's motion in limine to exclude the March 6, 2002 recording is **DENIED**. The Clerk is **DIRECTED** to send a copy of this Order to defendant's counsel and the Assistant United States Attorney.

**IT IS SO ORDERED.**

---

issue is distinct from the issue of adequate foundation. *See United States v. Webster*, 84 F.3d 1056, 1064 (8th Cir.1996) (stating that government first must make a showing of authenticity and, even if the government can authenticate the recording, the court may exclude it on the basis that it is inaudible). Though some of the courts holding that the trial court has discretion to exclude an audio recording on the basis of unintelligibility have not specifically referred to Rule 403, *see, e.g., Webster*, 84 F.3d at 1064, it is clear that the basis for any such ruling is that the recording's lack of clarity reduces its probative value to the point that it is substantially outweighed by the danger of unfair prejudice to the defendant.

The fact that defendant has not challenged the admissibility of the October 4, 2001, November 6, 2001, and December 5, 2001 recordings, which were obtained in the same manner as the March 6, 2002 recording, belies any challenge at this time to the ability of the government to establish an adequate foundation for the March 6, 2002 recording. Thus, the court evaluates defendant's challenge under Rule 403. Any objection based on inadequate foundation should be raised at trial, after the government has attempted to establish foundation for admission of the March 6, 2002 recording.